U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
**F I L E D**
**August 01, 2006**
Clerk, U.S. Bankruptcy Court

**Below is a Judgment of the Court. If the judgment is for money, the applicable judgment interest rate is: 0%**

_____
ELIZABETH PERRIS
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: <br><br> KITTIE L. KELLER; <br><br> Debtor(s). <br><br> ──────────────────── <br><br> KITTIE L. KELLER, <br><br> Plaintiff, <br><br> v. <br><br> BANK OF BOSTON; EDUCATION RESOURCES INSTITUTE; EFG TECH-WS; EFG TECHNOLOGIES; FEDERAL DIRECT STUDENT LOAN; US DEPARTMENT OF EDUCATION; USA GROUP; and ZWICKER & ASSOCIATES, <br><br> Defendants. | Case No. 00-39437-elp13 <br><br><br> Adv. Pro. No. 05-03297-elp <br><br> STIPULATED FINAL JUDGMENT AS TO DEFENDANT TERI |

This matter came before the court on the stipulation of the parties set out below, and the court being advised makes the following findings:

**Page 1 of 3** - STIPULATED FINAL JUDGMENT AS TO DEFENDANT TERI

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

G:\usr\CREDITORS RIGHTS\TERI 30362\KITTIE KELLER 30004\PLEADINGS\OJ 060627 STIPULATED Judgment.doc

1.     Defendant The Education Resources Institute, Inc. ("TERI") is the holder of two promissory notes (the "Notes") originally executed by plaintiff Kittie Lee Keller in favor of Pioneer Financial, which have been assigned to TERI, representing obligations owed of the kind described in 11 U.S.C. §523(a)(8). The first note represents an obligation to repay a Professional Education loan in the amount of $8,902.85, plus accrued interest of $5,177.41 through July 14, 2006. The second note represents an obligation to repay a Chiroloan in the amount of $6,543.61 plus accrued interest of $3,325.13 through July 14, 2006.

2.     The portion of the total obligation owing under the Notes by Kittie Lee Keller to TERI which is non-dischargeable pursuant to 11 U.S.C §523(a)(8) is $8,064.00. Except for the $8,064.00, the remaining balance owed under the Notes is discharged.

3.     This Stipulated Judgment is subject to the Settlement Agreement and Covenant Not to Execute entered into by the parties and attached to this Stipulated Judgment as Exhibit A.

4.     Good cause exists to enter a judgment affecting fewer than all the claims among all the parties under FRCivP 54(b), made applicable to this proceeding by FRBP 7054, because the obligation owing to TERI is independent of the obligations owing to other parties in this proceeding and the adjudication of the dischargeable amount of the claims of TERI will not affect the remaining claims in this matter, and there is no just reason for delay in entry of a final judgment affecting these parties.

Now therefore,

IT IS ADJUDGED that:

1.     Defendant The Education Resources Institute, Inc., is awarded judgment against Plaintiff Kittie Lee Keller in the total amount of $8,064.00, with no interest thereon, and

2.     The aforementioned judgment amount is hereby declared to be non-dischargeable pursuant to 11 U.S.C. §523(a)(8).

The clerk is directed to enter this final judgment pursuant to FRCivP 54(b) and FRBP 7054.

**Page 2 of 3** - STIPULATED FINAL JUDGMENT AS TO DEFENDANT TERI

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

G:\usr\CREDITORS RIGHTS\TERI 30362\KITTIE KELLER 30004\PLEADINGS\OJ 060627 STIPULATED Judgment.doc

| | |
|---|---|
| 1 | ### |
| 2 | //// |
| 3 | //// |
| 4 | //// |
| 5 | //// |
| 6 | IT IS SO STIPULATED: |
| 7 | TODD TRIERWEILER & ASSOCIATES |
| 8 | |
| 9 | By: */s/ Irene M. McDaniel* |
| 10 | Irene M. McDaniel, OSB 04172<br>Of Attorneys for Plaintiff Kittie Lee Keller |
| 11 | |
| 12 | IT IS SO STIPULATED AND SUBMITTED BY: |
| 13 | HERSHNER HUNTER, LLP |
| 14 | |
| 15 | By: */s/ Gabriela Sanchez-Amparan* |
| 16 | Gabriela Sanchez-Amparan, OSB 03605<br>Of Attorneys for The Education Resources Institute, Inc. |

**Page 3 of 3** - STIPULATED FINAL JUDGMENT AS TO DEFENDANT TERI

HERSHNER HUNTER LLP
ATTORNEYS
PO Box 1475, Eugene, Oregon 97440
541-686-8511
fax 541-344-2025

# SETTLEMENT AGREEMENT AND COVENANT NOT TO EXECUTE

**PARTIES**:

KITTIE LEE KELLER ("Keller"), Plaintiff

THE EDUCATION RESOURCES INSTITUTE, INC. ("TERI"), Defendant

**RECITALS**:

A. TERI is the holder of certain promissory notes (the "Notes") guaranteed by TERI and executed by Keller representing obligations owed to TERI of the type described in 11 U.S.C. § 523 (a)(8). The first note represents an obligation to repay a Professional Education loan in the amount of $8,902.85, plus accrued interest of $5,177.41 through July 14, 2006. The second note represents an obligation to repay a Chiroloan in the amount of $6,543.61 plus accrued interest of $3,325.13 through July 14, 2006.

B. Keller commenced Adversary Proceeding No. 05-03297 in the U.S. Bankruptcy Court District of Oregon (Portland) seeking to discharge the Notes, (the "Action").

C. TERI disputed the dischargeability of the Notes and filed two counterclaims against Keller to recover the full amount owed under the Notes (the "Counterclaims Action").

D. The parties have agreed to resolve the Action and the Counterclaims Action as specifically set forth in this Settlement Agreement and Covenant Not to Execute.

**AGREEMENT**:

1. **STIPULATED JUDGMENT.**

    a. The parties shall execute a stipulated judgment (the "Stipulated Judgment") in the total amount of $8,064.00 that will be filed and entered against Keller and in favor of TERI in the Action in full settlement of the original claim brought by Keller against TERI in the Action and the Counterclaims Action brought against Keller by TERI.

    b. The Stipulated Judgment in the total amount of $8,064.00 is non-dischargeable pursuant to 11 U.S.C. §523(a)(8). Except for $8,064.00, the remaining balance owed under the

Page 1 – SETTLEMENT AGREEMENT AND COVENANT NOT TO EXECUTE

EXHIBIT \_\_1\_\_
Page \_\_1\_ of \_2\_

Notes is discharged.

c. TERI's right to execute on the Stipulated Judgment is subject to paragraph 3, below. Keller's attorney (Todd Trierweiler & Associates, c/o Irene McDaniel) shall provide TERI's attorney a Satisfaction of Judgment along with the final version of this Settlement Agreement and Covenant Not to Execute that has been signed by Keller. TERI shall execute and file the Satisfaction of Judgment in the US Bankruptcy Court for the District of Oregon but only after Keller fully completes her payments as set forth in paragraph 2, below.

2. **PAYMENT.**

   a. TERI agrees to accept 72 payments of $56.00 each for a total amount of $4,032.00 with no interest as payment in full of the Stipulated Judgment provided that such payments are made according to paragraph 2.b. If payments are not made as set forth in paragraph 2.b. then paragraph 3, applies. Keller shall sign this Settlement Agreement and Covenant Not to Execute and her attorney shall sign the Stipulated Judgment and send both those documents along with the August 20, 2006 installment to TERI's attorney (Hershner Hunter c/o Gabriela Sanchez-Amparan, PO Box 1475, Eugene, OR 97440) no later than two days after TERI's attorney sends the final version of this Settlement Agreement and Covenant Not to Execute and Stipulated Judgment to Keller's attorney via e-mail.

   b. Keller's first installment of $56.00 is due August 20, 2006, and like installments are to be made on the same date each month thereafter until TERI is paid in full. Thereafter, all installments shall be sent to Michael A. Beatty, Esq., Bankruptcy Counsel, The Education Resource Institute, P.O. Box 848103, Boston, MA 02284-8103.

3. **COVENANT NOT TO EXECUTE.** Time is of the essence. If Keller fails to make payments as described in paragraph 2, above, TERI shall notify Keller's attorney in writing (Todd Trierweiler & Associates, c/o Irene McDaniel 4721 NE 102nd Avenue, Portland, OR 97220) of the default and Keller shall have 15 days to cure the default. If Keller cures the default within 15 days of the written notice, TERI may not execute on the Stipulated Judgment. If Keller fails to cure the default within 15 days of the written notice, TERI may execute on the Stipulated Judgment. TERI will provide Keller with only three notices to cure. After the third cure notice has been provided to Keller, if Keller thereafter fails to make any payment as set forth in paragraph 2, above, TERI may execute on the Stipulated Judgment.

4. **MUTUAL RELEASES.** Except for the obligations arising under the provisions of this Settlement Agreement and Covenant Not to Execute, the parties release each other, and each other's officers, agents, and any related entities, from any and all obligations, liabilities, claims or causes of any kind and defenses, known or unknown, related in any way to the Action and Counterclaims Action.

Page 2 – SETTLEMENT AGREEMENT AND COVENANT NOT TO EXECUTE


EXHIBIT A
Page 2 of 3

5. **WARRANTY OF AUTHORITY**. The persons executing and delivering this Settlement Agreement and Covenant Not to Execute on behalf of the parties represent and warrant that each of them is duly authorized to do so and that the execution and delivery of this Settlement Agreement and Covenant Not to Execute is the lawful and voluntary act of each party.

6. **INTEGRATION**. This Settlement Agreement and Covenant Not to Execute constitutes the final and complete statement of the agreements between the parties, and it fully supersedes all prior agreements or negotiations, written or oral.

7. **ATTORNEY'S FEES**. If legal proceedings are necessary to enforce the terms of this Settlement Agreement and Covenant Not to Execute, the prevailing party in any legal proceeding shall be entitled to reasonable attorneys' fees in addition to the costs and disbursements allowed by law.

KITTIE L. KELLER

Date: July 26, 2006    /s/ Kittie L. Keller

THE EDUCATION RESOURCES INSTITUTE, INC.

Date: 7/26/06
By: /s/ Michael Beatty
Name: Michael Beatty
Title: Managing Attorney, EMER
Authorized Agent for TERI

Page 3 – SETTLEMENT AGREEMENT AND COVENANT NOT TO EXECUTE

EXHIBIT B
Page 3 of 3